OLLIE B. AND ROSALIE H. SPENCER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Spencer v. Commissioner
Docket No. 37203-87
United States Tax Court
T.C. Memo 1989-443; 1989 Tax Ct. Memo LEXIS 443; 57 T.C.M. (CCH) 1370; T.C.M. (RIA) 89443; August 21, 1989; As corrected September 6, 1989 Ollie B. Spencer, pro se. David Whitcomb, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: This case was heard by Special Trial Judge Helen A. Buckley pursuant to the provisions of section 7443A of the Code and Rule 180. [1] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This matter is before us on respondent's motion to dismiss for lack of jurisdiction. FINDINGS OF FACT The petition herein *445 was filed on November 23, 1987. In it, petitioners allege that they were advised by an appeals officer for respondent considering their 1982 tax that a notice of deficiency had been mailed in regard to petitioners' 1983 Federal income tax. Respondent, by answer, alleged that a deficiency notice for 1983 was mailed to petitioners on February 17, 1987. Respondent thereupon filed a motion to dismiss for lack of jurisdiction. Petitioners objected on the grounds that the notice of deficiency had not been received by them and that it had not been sent to their last known address. We held an evidentiary hearing in this matter at Houston, Texas. The notice of deficiency was mailed on February 17, 1987, to petitioners at Box 213 Country Road 108B, Venus, Texas 76084. In it, respondent determined a deficiency in 1983 Federal income tax in the amount of $ 87,318, together with additions to tax under section 6651(a)(1) in the amount of $ 12,997.70 and under section 6661 in the amount of $ 21,829.50 Petitioners have had several addresses at which they have received mail from the Internal Revenue Service (IRS) and from which they have sent mail to the IRS. They have also filed various papers *446 with this Court which indicated different addresses to which the Office of District Counsel directed pleadings. The chronology follows: June 18, 1984 - Petitioners' 1983 Federal income tax return was filed. Address shown was: 7105 Teresita Tr., Dallas, Texas 75227. The same return address was indicated on the mailing envelope for the return. March 31, 1986 - Petitioner Rosalie H. Spencer appeared with a representative of H & R Block, the return preparer, in regard to an audit of petitioners' 1982 tax year. At that time, Mrs. Spencer indicated a change of address from their Teresita Trail, Dallas address, to Box 213, County Road 108B, Venus, Texas 76084. The examiner mistakenly spelled Venus as "Venice" when she entered the new address in handwriting on the examination work papers. Venus, Texas, is in the Dallas District. July 28, 1986 - IRS mailed a notice of deficiency for petitioners' 1982 year addressed to Box 213, County Road 108B, Venice, Texas 76084. September or October, 1986 - Petitioners moved to Houston at 13307 Villa Grove. October 17, 1986 - Petitioners filed a petition for redetermination of the 1982 deficiency notice addressed to Venice *447 in docket No. 40852-86. The petition indicated their address as 13307 Villa Grove, Houston, Texas 77049. October 27, 1986 - IRS in its AIMS weekly update changed the spelling of "Venice" indicated on its computer records to the correct "Venus" for the years 1983 and 1984. December 15, 1986 - The District Counsel's office in Dallas filed its answer in docket No. 40852-86 and certified mailing a copy to petitioners at 13307 Villa Grove, Houston, Texas 77049. February 17, 1987 - Respondent mailed by certified mail the notice of deficiency in regard to 1983 to petitioners at Box 213 Country [sic] Road 108B, Venus, Texas 76084. April 15, 1987, April 15, 1988 - Petitioners did not file income tax returns for their 1986 and 1987 years. [2]
*448 Petitioner Ollie B. Spencer testified he did not receive this notice. The administrative file for the 1983 year did not contain either a return receipt nor a returned undeliverable deficiency notice. Petitioners introduced into evidence, without objection by respondent, a copy of a statement by Mary Abbott to the effect that she had lived at Box 213, County Road 108B, Venus, Texas 76084, since August 1986, and that she had not received any mail from the Internal Revenue Service nor had the post office attempted to deliver any certified mail for petitioners. ULTIMATE FINDINGS OF FACT Respondent mailed the deficiency notice to petitioners at their last known address on February 17, 1987. Petitioners did not file a timely petition for a redetermination with this Court. OPINION It is clear that we do not have jurisdiction over this matter if the notice of deficiency was not sent to petitioners at their last known address. Similarly, if it was so sent, our jurisdiction is not present because the petition was filed more than 90 days after the date of mailing the notice of deficiency. It is well settled that to maintain an action in this Court there must be a valid notice of *449 deficiency and a timely filed petition. See ; , affd. without published opinion ; . The petition must be filed within 90 days after the notice of deficiency is issued. Sec. 6213(a). If respondent issued a valid notice of deficiency, the petition must be dismissed for lack of jurisdiction as untimely. In that event, petitioners would not be entitled to challenge the merits of the deficiency in this Court, but would be required to pay the full assessment and file a claim for refund prior to challenging the merits of the assessment in court through a suit for refund. Sec. 7422; . However, if jurisdiction is lacking because of respondent's failure to issue a valid notice of deficiency, we will dismiss the case on that ground, rather than for lack of a timely filed petition. . A valid notice of deficiency has been issued if it is mailed to *450 the taxpayer's last known address by certified or registered mail. Sec. 6212(a) and (b). It is also clear that where a notice of deficiency is sent to taxpayer's last known address, it is valid whether or not petitioners received it. ; ; . We turn first to the validity of the notice of deficiency. As we stated in : The validity of a notice of deficiency upon which a petition is based is a jurisdictional question that, when brought to the Court's attention should be answered before the Court considers whether the petition was timely filed. Furthermore, it is sometimes necessary to first determine questions with respect to the mailing of the notice of deficiency before it is possible to determine whether a petition is timely filed. See Estate of Francis P. McKaig, Jr., supra; (C.A. 3, 1960). See also . *451 We note that petitioner Rosalie H. Spencer, who did not appear at the evidentiary hearing, first supplied the IRS with the Venus address in regard to the 1982 audit. Further, petitioners received the deficiency notice for 1982 which was sent to the Venus address on July 28, 1986, and petitioned this Court for a redetermination of the deficiency. Petitioners did not file Federal income tax returns for 1986 and 1987. Accordingly, there were no subsequently filed returns to alert respondent to a change of address. Compare . Thus, between the July 1986 mailing of the 1982 deficiency notice and the February 17, 1987, mailing of the 1983 deficiency notice, the only possible indication of a change of address to respondent was the new address at 13307 Villa Grove, Houston, shown on the petition in docket No. 40852-86 which was served on the Chief Counsel of the Internal Revenue Service by the Clerk of this Court. Accordingly, we must consider whether the petition to this Court in regard to the earlier year constituted notice to respondent that petitioners had a new address. We considered an almost identical situation in *452 In that case, we stated at page 628: Whereas it has been held that clear notification to, or knowledge by, any agent of respondent within the same Internal Revenue District of a new address for a taxpayer is sufficient ( , revg. an unreported order of this Court; , we are unwilling to extend such a holding to attorneys of the Chief Counsel's Office who are representing respondent in another case for other years. The Chief Counsel's Office and his attorneys are ultimately responsible to the General Counsel of the Treasury and the Secretary of the Treasury for their activities in respect of litigation, and become respondent's "agents" only when they are called upon to represent respondent. Sec. 7801. While knowledge which such attorneys acquire in the course of their representation of respondent is properly to be imputed to respondent under well-known principles of agency, such imputation is only with respect to facts which are within the scope of their agency. See , *453 affd. ; . * * * There is no evidence whatsoever to indicate that Chief Counsel's Office or any of his attorneys had any involvement with the audit decision of the District Director's Office in Dallas in regard to the 1983 audit or issuance of the notice of deficiency. We thus refuse to impute the knowledge of the Chief Counsel's Office of the Houston address in regard to docket No. 40852-86 to respondent in the issuance of the later notice of deficiency. The address shown in the earlier petition does not constitute a "clear and concise" direction to respondent to use such address in the future for all purposes. Thus, we hold that respondent sent the notice of deficiency for 1983 to petitioners at their last known address, the Venus address which petitioner Rosalie Spencer provided. Having held that the notice of deficiency was valid, we now turn to section 6213(a) which requires, with one exception not relevant here, that a taxpayer file a petition for redetermination with this Court within 90 days after the mailing of the notice of deficiency. This requirement is jurisdictional. *454 Petitioners filed their petition on November 23, 1987, some 279 days after the mailing of the notice of deficiency on February 17, 1987. This petition is clearly untimely under the specific provisions of section 6213(a). Respondent's motion to dismiss for lack of jurisdiction will therefore be granted. An appropriate order of dismissal for lack of jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The record does not indicate whether petitioners filed a return for 1985, which would have been due on April 15, 1986, shortly after Mrs. Spencer advised the IRS of the Venus address on March 31, 1986. Accordingly, we have no information as to addresses on a 1985 return, if filed. We note, however, that as of October 27, 1986, the AIMS weekly update still indicated Venus as petitioners' address for 1983 and 1984 years, and did not indicate the filing of a 1985 return.↩